# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1896.

CASE 1—PETITION ORDINARY—MARCH 3.

## Louisville & Nashville Railroad Co. v. Breckinridge.

APPEAL FROM BOYLE CIRCUIT COURT.

1. EJECTED PASSENGER—RIGHT TO RE-ENTER TRAIN.—Where a passenger has been rightfully ejected or in part expelled from a train for non-payment of fare, he is not then entitled to tender the fare and demand transportation. But where there is a dispute as to the station or point where the passenger should change cars for his point of destination, the train not having been stopped solely for the purpose of ejecting him, he may, after having yielded quietly and submissively to ejection, tender his fare and have the right to re-enter the train just as other passengers.

2. EXCESSIVE DAMAGES.—Where there was no personal injury to a passenger in being ejected from a train, and the delay caused by his ejection resulted in no pecuniary loss to him, a verdict for $500 damages is excessive.

R. P. JACOBS AND C. R. McDOWELL FOR APPELLANT.

1. The ticket of a passenger is the only evidence that the conductor is bound to or prudently can accept as to the rights of transportation of the passenger. (37 Mich., 342; 26 Amer. Rep., 531; Wood's Railway Law, 2 vol., sec. 350.)

2 If the passenger claims any rights to further transportation under claim of different contract than is indicated by the ticket, it is his duty, upon demand of the conductor, to pay the fare for the additional transportation, and rely upon his contract for the recovery thereof. (Wood's Railway Law, 3 vol., page 1439; 26 Amer. Rep., 531.)

3. And upon his failure or refusal to so pay the fare, it is the right and duty of the conductor to eject him; and also his right to pre-

Louisville & Nashville Railroad Co. v. Breckinridge.

vent the obstinate passenger from re-entering the train, if it is about to start or has started. (52 Iowa, 342; 47 Iowa, 82; 29 Amer. Rep., 458; Wood's Railway Law, vol. 3, page 1434.)

4. There being no violence or insulting language offered to the appellee upon his ejection from the train, and no loss of time or loss of business, the verdict for $500 is clearly excessive, and the result of passion or prejudice.

R. J. BRECKINRIDGE, JR., FOR APPELLEE.

1. Where a verdict is not so excessive as to indicate prejudice on the part of the jury, it should not be disturbed.

2. As between the conductor and passenger the ticket produced must be conclusive evidence of the passenger's right to travel; but the application of this rule does not extend to a passenger who has been furnished with a ticket on its face sufficient, and declared so by the company's agent, but which is in fact not so according to its rules. (Hutchinson on Carriers, 2d ed; Mechem, sec. 5808.)

3. After appellee's expulsion from the train because of his refusal to pay fare, he claiming the right to transportation under a contract with the company's agent, he had a right to abandon his contract and reconsider his refusal to pay the fare, and to re-enter the train as any other passenger.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Boyle Circuit Court by the appellee, R. J. Breckinridge, Jr., against the appellant, seeking to recover damages for being ejected from appellant's train of cars, and for the refusal of appellant to permit him to ride on said train from Lebanon Junction to Louisville.

It is substantially alleged in the first paragraph of the petition that appellee purchased of appellant's agent, at New Orleans, La., a ticket from there to Junction City, Ky., and that, according to appellant's method of running and operating its road and trains, it was necessary for appellee to change cars and wait several hours at Louisville, Ky., where appellant's trains from New Orleans were advertised to and

did make connection with appellant's trains for Junction
City; and that, when he bought said ticket, he was so in-
formed by appellant's agent at New Orleans, and the same .
was agreed to by the agent and appellee, and made one of
the conditions and part consideration of the said sale and
purchase of the ticket; that he at once entered on train No.
2 and complied with all the conditions of said ticket con-
tract; but that when said train reached Lebanon Junction,
about 1:20 a. m., December 1, 1893, appellant's conductor
informed appellee that he must leave said train, and that he
refused to do so, but said conductor and agent wrongfully,
maliciously and forcibly, without fault of appellee, ejected
him therefrom while said ticket was in full force and effect,
and that he was compelled to wait many hours, in the night
time, greatly to his inconvenience and injury, and was there-
by caused great pain and suffering, both mentally and phy-
sically, humiliated before the public, detained from and in-
jured in his business to his damage of $15,000, for which he
prayed judgment.

In the second paragraph of the petition it is alleged in
substance that, after the appellee was ejected from said
train, he boarded same and tendered to said conductor the
fare to Louisville, to which point he wished to go, but the
conductor wrongfully and maliciously failed and refused to
accept said fare, and wrongfully refused to carry plaintiff
in said train to Louisville, and wrongfully, maliciously and
forcibly pushed plaintiff from the steps of said train while
it was in motion, greatly to plaintiff's personal danger, and
thereby caused appellee great personal danger, pain and
suffering, both mental and physical, humiliated him before
the public, detained him from and injured him in his busi-
ness, and damaged him in the sum of $15,000, etc.   It is also

alleged that said Lebanon Junction and Louisville are advertised as and are regular stopping places on appellant's said road for said train No. 2.

Appellant, in its answer, denied that it was necessary for appellee to change cars at Louisville, in going from New Orleans to Junction City, and alleged that he was informed and well knew the fact when he purchased his said ticket; denied that appellee was informed, when he purchased the ticket, that he was to or could go to Louisville to change cars for Junction City.

It is also alleged in the answer, in substance, that the regular and proper route from New Orleans to Junction City is by way of Lebanon Junction, and that at that point passengers for Junction City should change cars. It is admitted that the conductor compelled appellee to leave the train at Lebanon Junction, but denied all wrong and injury to appellee. It is also averred in the answer that the conductor, before ejecting appellee, offered to take him on to Louisville if he would pay the fare, which he refused to do, and admits that, as the train was starting and moving from the station, appellee attempted to board the train, offering to pay the fare to Louisville, which was refused, and appellee not permitted to again take passage on the train.

The reply traversed the material averments of the answer.

At the conclusion of appellee's testimony appellant moved the court to instruct the jury peremptorily to find for the defendant, which motion was properly overruled by the court, and a trial resulted in a verdict and judgment in favor of plaintiff for $500; and defendant's motion for a new trial having been overruled, it prosecutes this appeal.

Several grounds for a new trial are relied on. It seems

to us that the admission of the testimony of Whitehouse and others, complained of, restricted as it was by the court, was not prejudicial to appellant's substantial rights. The motion for peremptory instructions was properly overruled.

The three instructions asked by appellant are as follows:

"A 1. If the jury believe from the evidence that appel-lant did not make, through its agent, a contract with plain-tiff that he might travel on the ticket exhibited in evidence from Lebanon Junction to the city of Louisville, they must find for the defendant.

"A 2. The court instructs the jury that, although they may believe from the evidence that defendant's agent agreed with plaintiff that he could travel on the ticket ex-hibited in evidence from Lebanon Junction to the city of Louisville, yet, if the conductor of defendant's train, on which plaintiff was, notified him, before the arrival of the train at Lebanon Junction, or on its arrival there, that he could not continue on the train unless he paid the usual fare for passage between said Lebanon Junction and the city of Louisville, and then plaintiff had with him the money with which to pay the fare, it was the duty of plaintiff to then pay the fare, and they must find for the defendant.

"A 3. If the jury believe the facts to be as indicated in either of the foregoing instructions, defendant's conductor had a right to refuse fare tendered by plaintiff at Lebanon Junction after he had been put off the train and to refuse him passage on said train."

The court below properly refused the foregoing instruc-tions. All the instructions asked by plaintiff were refused, and the court, on its own motion, gave instructions, to all of which appellant excepted.

The court instructed the jury in substance that the expul-

sion of the appellee from the train at Lebanon Junction, complained of in the first paragraph, was lawful, but if they believed from the evidence that plaintiff, at the time of the purchase of the ticket, contracted and agreed with defendant's agent that he should have the right to go by the way of Louisville to Junction City, they should find for plaintiff the car fare from Lebanon Junction to Louisville and return.

It does not appear in evidence that any physical injury or indignity was suffered by the plaintiff in the manner of his expulsion, nor does it appear that his ticket provided that he should go by way of Louisville, hence the foregoing instruction was proper.

The court further instructed the jury in substance that the plaintiff had no right to re-enter the car at the junction, and that the appellant's conductor had a right to prevent him from so doing, but had no right to push him from the steps of the car while it was in motion, if plaintiff was thereby put in danger of personal injury.

The first part of the foregoing instruction is erroneous. It is true that some courts of last resort have held that, where a person has been rightfully ejected or in part expelled from a train for non-payment of fare, he is not then entitled to tender the fare and demand transportation, but the cases cited by counsel are unlike the case at bar. Here there was a dispute as to the station or point where plaintiff should change cars for the point of destination.

Lebanon Junction is admitted to be a point where the train stopped, and it did not stop there for the purpose of ejecting the plaintiff, and after he had quietly and submissively yielded to expulsion he was entitled to the same rights and privileges that any other citizen or passenger

had who wanted to go to Louisville, as he manifestly did, for he took the next train for that point. The other instructions are erroneous in so far as they are inconsistent with the views above expressed.

It does not appear that any physical personal injury resulted to the plaintiff, nor that he suffered any pecuniary damage to his business by the delay in reaching Louisville, caused by the acts or omission to act on the part of appellant, hence we are of the opinion that the verdict is larger than the evidence justified. Appellee was clearly entitled to a verdict for some amount, but the evidence, in our opinion, was not sufficient to authorize a verdict for $500.

The judgment of the court below is, therefore, reversed and cause remanded for a new trial upon principles consistent with this opinion.