Case 52.—ACTION BY W. A. HAWKINS, BY NEXT FRIEND,
AGAINST THE SOUTHERN RY. CO. IN KY. FOR DAM-
AGES FOR BEING WRONGFULLY EJECTED FROM ITS
PASSENGER TRAIN.—November 9.

## Southern Ry. in Ky. v. Hawkins.

Appeal from Mercer Circuit Court .

W. W. Stephenson, Special Judge.

Judgment for plaintiff.   Defendant appeals.   Re-
versed.

1, Carriers—Passengers—Expulsion by Conductor—Character of
act—Where a conductor, to whom a ticket is presented by a
passenger, believes it to be his duty to reject the ticket be-
cause of its invalidity for travel on the date on which it is
presented, and the passenger fails to pay the fare demanded
of him, the conductor is not guilty of a tort in expelling the
passenger from the train, unless he accompanies such ex-
pulsion with unreasonable or unnecessary force or insult.

2. Same—Pleading—Variance—A petition alleged the purchase of
a ticket by plaintiff which entitled him to ride on defendant's
train, and that defendant's conductor ,willfully, wrongfully,
and in violation of plaintiff's rights as a passenger forced
him to leave the train.   The evidence showed the purchase
of the ticket as alleged, but that, through the negligence of
ticket agent or of a prior conductor than the one who ejected
plaintiff, it was so punched as to render it valueless for
use at the time that plaintiff was ejected.   Held—That since
the cause of action as set up in the petition was in con-
tract, and not in tort, there was no fatal variance between
the proof and petition.

3. Same—Expulsion of   Passenger—Damages—Pleading—In  an
action for expulsion of a passenger from the train, there can
be no recovery for loss of time or expense incurred, in the
absence of appropriate pleading and proof.

4. Same—Punitive Damages—Where a conductor, in ejecting a
passenger from the train because of the apparent invalidity
of his ticket, does not act in a rough or unkind manner, and

does, not apply to him force or threats, or even place his hand upon him except to assist him down the car steps. punitive damages can not be recovered against the railroad.

5. Damages—Exemplary Damages—Question for Court—Whether there is any evidence in a given case to justify the assessment by the jury of exemplary damages is for the determination of the court.

6. Carriers—Excessive Verdicts—In an action against a carrier for the ejection of a passenger because of the apparent invalidity of his ticket, where the evidence showed that the conductor did not act roughly or unkindly, and the ejection took place about a mile from the town at which plaintiff got on the train, and merely obliged him to walk back to the town and remain there until the next day, a verdict for $1,000 was grossly excessive.

7. Same—Evidence—Declarations of Fellow Passengers—In an action against a carrier for the wrongful ejection of a passenger, declarations of passengers in the car that plaintiff was a "beat and bum," made as he walked out of the car behind the conductor, were incompetent.

E. H. GAITHER and HUMPHREY, HINES & HUMPHREY for appellant.

POINTS AND AUTHORITIES.

1. The verdict is excessive. (M. & O. R. R. Co. v. Reeves, 25 Ky. Law Rep., 2239; Annie L. Sloane v. Southern California Ry. Co., 111 Cal., 220, 44 Pac., 320, 32 L. R. A., 193; Howe v. Gibson, 3 Tex. Civ. Ap., 263, 22 S. W., 826; L. & N. R. R. Co. v. Blair, 104 Tenn., 112, 55 S. W., 154; Georgia R. R. and Banking Co. v. Jett, 95 Ga., 236, 22 S. E., 251; Chicago & N. W. Ry. Co. v. Chisholm, 79 Ill., 584.)

2. Punitive damage instruction should not have been given, there being no evidence upon which to base it. (Ky. Cent. R. R. Co. v. Biddle, Same v. Fern, 17 Ky. Law Rep., 1363; L. & N. R. R. Co. v. Jackson, 18 Ky. Law Rep., 296; McHenry Coal Co. v. Sneddon, 98 Ky., 684; Atchison, T. & S. F. R. R. Co. v. Lamoreux, 5 Kan App., 813, 49 Pac., 152; Smith v. Philadelphia, W. & D. R. R. Co., 87 Md., 48, 37 Atl., 1072.)

3. Where a cause of action is alleged in tort a recovery can not be had by the plaintiff upon proof of a breach of contract. (Spink v. L. & N. R. R. Co., 21 Ky. Law Rep., 779-780.)

W. C. BELL and ROBT. HARDING for appellee.

(No authorities.)

OPINION BY JUDGE SETTLE—Reversing.

The appellee, W. A. Hawkins, twenty years of age, by D. B. Hawkins, his next friend, sued the appellant railroad company for his alleged wrongful ejection by the conductor from one of its passenger trains upon which he was attempting to ride from Harrodsburg to McBrayer, a distance of about fifteen miles. The facts alleged in the petition as constituting his cause of action are that on Sunday evening, September 14, 1902, he purchased of appellant's ticket agent at McBrayer, and paid for, a round-trip ticket which entitled him to ride as a passenger on appellant's passenger train from McBrayer to Harrodsburg on the evening of that day, and to return on another of its trains from Harrodsburg to McBrayer on the following day, September 15th; that he did on the night of the 14th ride on appellant's passenger train from McBrayer to Harrodsburg, and on the afternoon of the following day got aboard of another of its passenger trains at Harrodsburg with the intention of returning thereon to McBrayer, but upon reaching a point about one mile from Harrodsburg appellant's conductor in charge of the train willfully, unlawfully, wrongfully and in violation of his rights as a passenger forced and required him to leave the train, whereby he was compelled to walk back to Harrodsburg and there remain until the next day; that his ejection from the train was effected in the presence of other passengers and caused him great humiliation of feeling, and subjected him to annoyance and inconvenience, by all which he was damaged in the sum of $2,000. The appellant's answer contained a traverse of the averments of the petition. Upon the trial of the case appellee recovered a verdict and judgment for $1,000. A new trial was sought, and a reversal is now asked, by appellant upon three grounds: (1)

That the special judge should have given the jury a peremptory instruction to find for appellant; (2) that he erred in instructing the jury; (3) that the verdict is excessive.

It is insisted for appellant that it was entitled to the peremptory instruction,. because the petition sought to recover for the alleged wrongful ejection of appellee from appellant's train, whereas he was properly put off the train by the conductor because his right to ride thereon was limited by his ticket, through the mistake of the agent, who issued it, to September 14th, the day of its purchase, and did not entitle him to be carried on its train on the 15th, and that, as there was no violence or unnecessary force used by the conductor in ejecting him from the train, he should have sued appellant for breach of contract growing out of the negligence or mistake of the ticket agent, and not in tort for being put off the train.

We are aware it was held by this court in L. & E. Ry. Co. v. Lyons, 104 Ky., 23, 20 Ky. Law Rep., 516, 46 S. W., 209, that the "ticket of the passenger must usually be treated as conclusive evidence of the passenger's rights as between him and the conductor, leaving the passenger to his action against the carrier if he has not been given such a ticket as the contract called for; otherwise, the conductor would be compelled to accept the statements of the passenger in reference to and contradictory of the ticket presented to and relied on by him." But it was also held in the same case that, where the ticket does not purport to be, and is not, the complete agreement between the carrier and the passenger, supplementary evidence is competent to show what was the real contract indicated by the ticket. In the case at bar it must be taken as true, because so testified by appellee and not contradicted, that he ordered of appellant's

ticket agent at McBrayer and paid for a ticket which entitled him to be carried as a passenger on appellant's railroad from that place to Harrodsburg on Sunday, September 14th, and to be returned from the latter city to McBrayer on Monday, the 15th, though he did not examine the ticket while in his possession to see that it in terms conformed to the contract. It is also true that the ticket agent knew when he sold appellee the ticket that it was to be used on the train that night, and that there would be no other upon which he could that day return to McBrayer. It is likewise true that the ticket, when presented to appellant's conductor by appellee on Monday, September 15th, showed that it was not good after the 14th, as the conductor told him; but it does not satisfactorily appear from the evidence whether the punch mark on the return part of the ticket, showing it expired on the 14th, was made by the ticket agent when he sold and delivered it to appellee, or by the conductor in charge of the train on which appellee went to Harrodsburg on that day. In other words, it does not appear whether the negligence of the ticket agent or that of the first conductor rendered the ticket valueless for use on the 15th. It was the act of one of them, and both were the agents of appellant.

Be that as it may, it is manifest that the conductor to whom it was presented by appellee after leaving Harrodsburg believed it to be his duty to reject it; and, as appellee failed to pay the fare demanded of him, his expulsion by the conductor from the train was not tortious, unless accompanied with unreasonable and unnecessary force or insult. We may say of this case, as was said in L. & E. Ry. Co. v. Lyons, supra: "Although it is alleged in the petition that the conductor wrongfully, maliciously and to the humiliation of the appellee ejected him from the train, the ac-

tion is essentially and in form ex contractu, and the recovery, if any, must necessarily be limited to compensatory damages.'' Accepting this view of the case, we do not think there was such a variance between the proof and cause of action set forth in the petition as would have authorized the giving of the peremptory instruction asked by appellant.

We are further advised by the opinion of the case, supra, that for wrongful ejection from a train without force or violence the compensatory damages that may be recovered will embrace mortification and humiliation of feeling, as well as any inconvenience, loss of time, and such necessary expense, by way of additional railroad fare, as may result from the ejection; but, as neither loss of time nor expense was alleged or proven in this case, there can be no recovery as to either of these items. The instructions of the trial judge should have confined the recovery to compensatory damages.

Appellee, W. A. Hawkins, and his uncle, J. C. Bond, furnished all the testimony given in this case, and the latter testified only as to the condition of the former when he returned to his (Bond's) home in Harrodsburg after being ejected from the train. According to appellee's testimony he was expelled from the train about a mile from Harrodsburg, to which place he immediately returned. When on the train he was approached by the conductor for his ticket. Appellee handed him his ticket, and thereupon the following conversation occurred between them, which we give in appellee's own words: ''The conductor looked at it (the ticket) and said it was no good; that I could not ride on that. I asked him why, and he said the ticket wasn't any good. I told him I got it the evening before and paid full fare for it. He still said it was no account, and I would have to pay my fare or

get off. I told him I couldn't pay my fare; that I didn't have any money. He said there wasn't any use in talking about it, and he pulled the bell cord and stopped the train. He walked in front of me, and when we got to the step he took me by the arm until I got down the steps. He did not get off the train. He helped me down to the bottom step; it seemed to me in a pretty rough way. He held me tolerably tight, but did not hurt me." It will be observed that the conductor was neither offensive nor insulting to appellee, he applied to him neither force nor threats, and did not even place his hand upon him, except to assist him down the car steps. It is true the witness thought he helped him down the steps in a pretty rough way; yet, when he describes his manner and explains what he did, it is apparent that he was neither rough nor unkind. It is patent, therefore, that the conduct of the conductor was not such as to manifest a wanton or reckless disregard of appellee's rights or a disposition to oppress or humiliate him. What he said and did gave no cause for the infliction of punitive damages upon his employer. Therefore the instruction as to punitive damages should not have been given. It seems to be well settled that whether there is any evidence in a given case to justify the assessment by the jury of exemplary damages is for the determination of the court. (Sedgwick on Damages, sec. 387; McHenry Coal Co. v. Sneddon, 98 Ky., 686, 17 Ky. Law Rep., 1261, 34 S. W., 228; Lex. Ry. Co. v. Fain, 25 Ky. Law Rep., 2243, 80 S. W., 463.)

The verdict of $1,000 returned by the jury was flagrantly excessive, because far beyond the maximum of just compensation. It can be explained only upon the ground that it resulted from passion or prejudice on the part of the jury. An examination of

the following cases, strikingly like the one at bar, but some of which represent greater wrongs to the plaintiffs therein than are here shown, will manifest the uniform purpose of this court to limit the recovery in this class of cases to compensatory damages, where the elements of unnecessary force and oppression are wanting: M. & O. R. R. Co. v. Reeves, 25 Ky. Law Rep., 2239, 80 S. W., 471; Ky. Cen. R. R. Co. v. Biddle, 17 Ky. Law Rep., 1363, 34 S. W., 904; L. & N. R. R. Co. v. Jackson, 18 Ky. Law Rep., 296, 36 S. W., 173; L. & E. Ry. Co. v. Lyons, 104 Ky., 23, 20 Ky. Law Rep., 516, 46 S. W., 209; Strull v. L. & N. R. R. Co., 25 Ky. Law Rep., 678, 76 S. W., 181, L. & N. R. R. Co. v. Chapman, 24 Ky. Law Rep., 87, 68 S. W., 143.

We think the declarations of passengers in the car that appellee was a "beat and bum," to which they, according to appellee's testimony, gave voice as he walked out of the car behind the conductor, were clearly incompetent, and should therefore have been excluded from the jury. (L. & N. R. R. Co. v. Simpson, 111 Ky., 754, 23 Ky. Law Rep., 1044, 64 S. W., 733.)

Except to the extent that they authorized the jury to allow punitive damages, we think the instructions reasonably correct; but for the errors indicated the judgment is reversed, and cause remanded for a new trial consistent with the opinion.