## Cincinnati, New Orleans & Texas Pacific R. R. Co. v. F. G. Carson.
## Same v. M. B. Carson.

(Decided October 25, 1911.)

### Appeals from Lincoln Circuit Court.

1. Passenger—Ejected From Train—Recovery.—A passenger who is ejected from a train is entitled to recover for his mortification and mental suffering although as between him and the conductor, his ejection was rightful if the wrong ticket was given him by the agent, and it was agreed between him and the agent who sold the ticket that it would entitle him to ride on the train.

2. Invalid Ticket—Knowledge of Passenger.—In such a case if the passenger was informed before he got on the train that the ticket was not good he cannot recover for his ejection. Punitive damages are not allowed.

3. Excessive Recovery.—A verdict for $400 for being ejected from the train where the conductor was not insulting is excessive.

JOHN GALVIN, J. W. ALCORN and K. S. ALCORN for appellants.

J. W. RAWLINGS, ROBERT HARDING and E. V. PURYEAR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

On August 30th, 1904, M. B. Carson and F. G. Carson
bought tickets from the station agent at Moreland, Ken-
tucky, for a round trip to Somerset and return. They
were informed by the agent when they bought the
tickets that they were good for a return trip until Sep-
tember 3, 1904. On the 3rd of September they got on the
train at Somerset to return to Moreland. The con-
ductor refused to honor their return tickets on the
ground that they had expired. They declined to pay and
he put them off the train at the next station seven miles
from Somerset and 15 or 20 miles from Moreland. They
remained there until evening when they took another
train and went home at an expense of 80 cents, and after
having been delayed about five or six hours. They then
brought this suit to recover damages, and on a trial of
the case there was a verdict and judgment in favor of
each of them for $400; the railway company appeals.

The plaintiffs each set out in his petition the contract
between him and the agent when he bought the ticket, and
alleged that it was agreed that he should have the right
to the return trip on September 3. The defendant by its
answer did not traverse in words the averments of the
petition but set out that the contract between it and the
plaintiff was shown by the ticket and that the ticket was
the only contract it made with the plaintiff. The circuit
court treated this as an affirmative denial of the allega-
tions of the petition. The railway company complains
insisting that it was entitled to the burden of proof
under the pleadings. The ticket did not show that the
plaintiff had the right to return on September 3, and if
the only contract was as set out in the tickets, the plain-
tiff could not recover. He based his action on the spe-
cial contract and the circuit court properly held that the
existence of the special contract was in effect denied by
the answer, and that the burden of proof was on the
plaintiff.

It is also insisted for the defendant that the court
did not properly instruct the jury. The instructions to
the jury in each case were as follows:

"If you believe from the evidence in this case, that
the plaintiff purchased a ticket from the defendant's
agent at Moreland from that place to Somerset and re-
turn and at the time of said purchase the agent repre-

sented and stated to the plaintiff that the ticket was good to return on the following Saturday, and the plaintiff relied on said representation of said agent, if any, and did not know that said ticket was not good to return on the following Saturday at the time he boarded the train at Somerset, then you will find for the plaintiff such an amount in damages as will reasonably compensate him for the time lost, if any, and the humiliation or mortification suffered, if any, by reason of not being permitted by the defendant's conductor to remain as a passenger on the train he boarded at Somerset, and 80 cents not to exceed in the aggregate the sum of $2,000.00.

2.  However, if you believe from the evidence that the plaintiff before he boarded the train at Somerset knew that said return ticket was so punched as to show that it had expired, or knew that he would not be allowed to travel on said ticket from Somerset to Moreland, then you will find for the defendant.''

It is insisted that since the ticket as between the passenger and the conductor is the test of the passenger's right, the conductor was right in putting the plaintiffs off and therefore no recovery should be allowed for mortification or mental suffering. In the 3rd Edition of Hutchison on Carriers, Vol. 2, Sec. 1066, the rule is thus stated:

''But while as between the passenger and the conductor the ticket may properly be regarded as the test of the passenger's rights, yet as between the passenger and the company, the rule is otherwise, and the former is by no means, without an adequate remedy. If the passenger applies and pays for a ticket for a certain journey, there is clearly an implied contract on the part of the company that the ticket furnished is adequate and proper to enable the passenger to obtain the carriage contracted for, and that the carrier's servants will duly honor it as such. If, therefore, the carrier fails to furnish the proper ticket, or, having furnished it, if the carrier's servants refuse to honor it as such, or misdirect the passenger as to its use, and the passenger thereby fails to procure the rights for which he paid, there is clearly a breach of the carrier's contract and the passenger may recover damages for the injury he has sustained.  These damages must include compensation not only for increased expense, loss of time and inconvenience, but also for the mortification, physical and mental suffering and added

indignities, if any, with which the violation of the passenger's rights may be attended.''

The rule thus announced was laid down by this court in L. & N. R. R. Co. v. Lyons, 104 Ky., 23, which was a case not unlike this; also in Illinois Central R. R. Co. v. Jackson, 117 Ky. 900, and Southern R. R. Co. v. Hawkins, 121 Ky. 415. The instruction given by the court conformed to the rule as thus laid down.

The defendants proved that before the plaintiffs got on the train at Somerset they were informed by the agent that their tickets had expired. On another trial the court will modify the second instruction by adding after the word ''knew,'' the words, ''or were informed;'' for the jury might conclude that the plaintiffs did not know that they could not ride on the tickets although the agent had told them they could not. The court will also by another instruction tell the jury, that if they find for the plaintiffs, they cannot find any punitive damages but that their verdict should be confined to compensatory damages, as set out in No. 1, and that no compensation should be allowed for anything which the plaintiff might have avoided by ordinary care. There was evidence that plaintiffs could have avoided the delay of five hours if they had chosen to do so. The conductor used no more force than was necessary; he was not insulting; there is nothing in the case to warrant a recovery for $400. The verdicts are excessive.

The judgment in each case is reversed and cause remanded for a new trial.