## Selsor v. Chesapeake & Ohio Railway Company.

(Decided April 24, 1912.)

### Appeal from Lewis Circuit Court.

1. Railroads—Intoxication of Passenger—Compelling Passenger to Leave Train—Submission to Jury.—As there was some evidence, though slight, conducing to prove that appellant was wrongfully compelled by appellee's conductor to leave the train upon which he attempted to ride as a passenger the case, upon such evidence and that of appellee conducing to prove that the conductor refused to receive him as a passenger because he was intoxicated,

was properly allowed to go to the jury under the instructions given by the court which contained all the law of the case.

2. Instructions—Punitive Damages—Evidence.—The refusal of the trial court to give an instruction authorizing the recovery of punitive damages was not error, as the evidence wholly failed to show that unnecessary force was used by appellee's servants in requiring appellant to leave the train; or that their conduct or language toward appellant was violent, insulting or oppressive.

3. Punitive Damages—Evidence—Question for Court.—Whether there is any evidence in a given case to justify the assessment of punitive damages, is for the determination of the trial court.

ALLAN D. COLE and JOHN E. LITTLETON for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant recovered in the court below a verdict and judgment for $40 on account of his alleged wrongful ejection by appellee's servants from one of its passenger trains, upon which he attempted to ride as a passenger.

Appellant sought a new trial and now asks a reversal of the judgment because of the inadequacy of the damages awarded him by the verdict and the failure of the circuit court to instruct the jury that it was in their discretion to allow him punitive damages.

This is the second appeal in the case, the opinion on the first appeal being reported in 142 Kentucky, at page 163. As the facts disclosed by the evidence found in the record do not differ materially from those stated in the opinion on the first appeal, it is unnecessary to repeat them further than to say that they show that after purchasing a ticket appellant got upon appellee's passenger train at Vanceburg, for the purpose of riding thereon to South Portsmouth and that he was at the time intoxicated.

His own testimony and that of his witnesses show that he had been drinking and was to some extent, at least, intoxicated. A greater number of witnesses introduced by appellee, including, besides the train conductor, brakeman and newsboy, several persons not in appellee's employ, testified that appellant was so intoxicated as to stagger in walking, and many of them that he was in such a state of intoxication that others had to give him assistance in getting on the train.

He first attempted to get on the train where the conductor was assisting some of the passengers to alight, but the conductor seeing his intoxicated condition refused him permission to enter the car; thereupon appellant went forward to the smoking car and with the assistance of two men got upon the platform thereof and was about to enter the smoker, when he was accosted by the conductor and a brakeman who reminded him that he had been forbidden to get upon the train and would have to leave it; and after the train had moved, perhaps 100 feet, from the point at which appellant got aboard, it was stopped by order of the conductor and appellant, assisted by the brakeman, stepped from the car to the station platform; the conductor advising him at the time that he could return to the ticket agent the ticket purchased of him and that the latter would repay him the money expended for the ticket. This was immediately done.

The reason given by appellee's conductor for refusing to permit appellant to ride upon the train, was his intoxicated condition, and the fear it gave the conductor that he would make himself annoying or offensive to passengers on the train.

In the former opinion we held that appellee was not obliged to receive appellant as a passenger on its train if he was drunk, although he had bought a ticket. Indeed, it was the right and duty of the conductor to prevent him from entering the train or to remove him therefrom if appellant was intoxicated to such an extent as to make it reasonably apparent to the conductor that his intoxicated condition would annoy, or be offensive to passenger on the train; such power being conferred upon the conductor by section 806, Kentucky Statutes.

The opinion directed that the circuit court, on a retrial of the case, should instruct the jury that if the appellant, when he offered to get on the train, was so far intoxicated as to affect his conduct, the conductor had a right to refuse to receive him on the car, and the jury should find for the appellee. In our opinion the instructions given by that court on the last trial, fully conform to the opinion on the former appeal and that they contain all the law of the case.

It is, however, contended by counsel for appellant that as it was said in the opinion that the case was "on all fours" with that of Louisville, &c. R. R. Co. v. McNally, 105 S. W., 124, and an instruction was given in

that case allowing the recovery of punitive damages, such an instruction was necessary in this case, and the failure of the court to give it error.

While it is true that the facts in the case at bar were in most respects quite similar to those in Louisville, &c. R. R. Co. v. McNally, supra, in one particular there is an important difference. In that case it was claimed and in some sort proved by the plaintiff that he was not only unlawfully ejected from the train, but in addition, that he was by force pushed or thrown therefrom while it was in motion; whereas in the instant case, it is not claimed that he was ejected from the car while it was in motion and the evidence shows without contradiction that he was not required to leave the car or train until it was brought to a stop.

There was no evidence that tended to show that any unnecessary force was used by appellee's servants in requiring appellant to leave the train, that their conduct in causing him to do so manifested a wanton or reckless disregard of his rights, or a disposition to oppress or humiliate him.

In Southern Ry. in Ky. v. Hawkins, 121 Ky., 415, the plaintiff sued to recover damages for his wrongful ejection from the train, it was held that for a wrongful ejection from the train without force or violence, the compensatory damages that may be recovered will embrace compensation for mortification and humiliation of feeling, as well as any inconvenience, loss of time and such necessary expense, by way of additional railroad fare, as may result from the ejection; but that punitive damages are not recoverable unless the train employes use more force than is necessary to require the offending party to leave the train, or unless their conduct, manner or language is insulting, abusive, violent, or threatening, or their behavior manifests a wanton and reckless disregard of the rights of such person, or a disposition to oppress or humiliate him. L. & N. R. R. Co. v. Scott, 141 Ky., 538.

In view of the absence of any evidence in this case authorizing an instruction which would have permitted the recovery of punitive damages, the refusal of the court to give such an instruction was proper; for as said in Southern Ry. Co. in Ky. v. Hawkins, supra, "It seems to be well settled that whether there is any evidence in a given case to justify the assessment by the jury of exemplary damages, is for the determination of the

court." Sedgwick on Damages, section 387; McHenry Coal Co. v. Snedden, 98 Ky., 686; Lexington Ry. Co. v. Fain, 25 R., 2243.

The record presents no cause for disturbing the verdict.

The judgment is, therefore, affirmed.