## BLUE DIAMOND COAL CO. v. CAMPBELL.

Court of Appeals of Kentucky.

Oct. 31, 1952.

Craft & Stanfill, Hazard, for appellant.

Courtney C. Wells, D. G. Boleyn, Hazard, for appellee.

WADDILL, Commissioner.

The judgment of the Perry Circuit Court from which this appeal is prosecuted, awarded appellee, Jim Campbell, $2,000 in damages against appellant, Blue Diamond Coal Company, for alleged false arrest and imprisonment averred to have been brought about by the agent and servant of appellant while acting for and on behalf of the company. A reversal is sought upon the grounds of prejudicial error, (1) in failing to sustain appellant's motion for a peremptory instruction, and (2) excessive damages.

The evidence disclosed that appellee was arrested on the charge of drunkenness on

**422**

appellant's property by an industrial policeman employed by the company. Following the arrest, appellant was delivered to the jailor of Perry County, Kentucky, where he was incarcerated for a period of several hours. The charge was not pressed against appellee.

■ The officer making the arrest testified that appellee was drunk. Other witnesses introduced by appellant also stated that appellee was intoxicated. However, appellee and several witnesses who were present on the occasion of the arrest testified that he was sober. The contrariety of the testimony made an issue for the jury's determination. Sizemore v. Hoskins, 314 Ky. 436, 235 S.W.2d 1011. We find no merit in appellant's first contention.

Appellant's second ground urged for reversal is well taken. According to appellee's statement he was imprisoned for "2 or 3 hours." The averment contained in the petition concerning damages states that "this plaintiff was greatly exposed, chagrined, and humiliated and injured to his credit and circumstances."

■ We find that under the pleadings and proof the damages awarded appellee were excessive even though it be conceded that appellee was not drunk and that his arrest and imprisonment were caused by the wrongful acts of appellant's employee. Proof of these facts would only entitle him to compensatory damages for the humiliation he suffered. Nothing is shown in the way of excessive force, brutal treatment or physical injury. Appellant offered no proof concerning damage to his reputation.

The cases referred to below are somewhat similar to the instant one and in each case the damages were held to be excessive. In Sizemore v. Hoskins, 314 Ky. 436, 235 S.W.2d 1011, $5,000; Couch v. Vanhoose, 314 Ky. 36, 234 S.W.2d 169, $1,000; Cincinnati, N. O. & T. P. Ry. Co. v. Carson, 145 Ky. 81, 140 S.W. 71, $400; Southern Ry. in Kentucky v. Hawkins, 121 Ky. 415, 89 S.W. 258, 28 Ky.Law Rep. 364, $1,000; Lexington & E. Ry. Co. v. Lyons, 104 Ky. 23, 46 S.W. 209, 20 Ky.Law Rep. 516, $260; Louisville & N. R. Co. v. Breckinridge, '99 Ky. 1, 34 S.W. 702, $500; Louisville &

N. R. Co. v. Fish, Ky., 127 S.W. 519, 43 L.R.A.,N.S., 584, $500; and in Camden Interstate, R. Co. v. Frazier, 97 S.W. 776, 30 Ky.Law Rep. 186, $500.

Judgment reversed.