CASE 27—PETITION ORDINARY—JANUARY 7.

# Brown vs. Morris.

# Morris vs. Brown.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1.  On defendant's motion for a new trial in an action of malicious prosecution for felony, the circuit judge announced that he would grant a new trial unless the plaintiff would accept a judgment for one thousand dollars in discharge of the verdict of the jury for four thousand dollars in damages in his favor. The plaintiff on protest elected to accept the judgment for one thousand dollars, and thereupon the motion for a new trial was overruled and judgment rendered in favor of plaintiff for one thousand dollars, from which defendant appealed, and the plaintiff took a cross-appeal. *Held*—That "the judgment is certainly anomalous. Courts have often granted new trials on equitable conditions applied to the applicant; but we know of no precedent for overruling a motion for a new trial on terms required of the party opposing it. In this instance the court itself virtually assessed the damages, and thereby deprived each party of his right to have an assessment by a jury. This seems to be error to the prejudice of the defendant, if he was entitled to a new trial, and to plaintiff's prejudice, if the defendant was not entitled to a new trial."

2.  In an action for malicious prosecution for a felony, *on a plea of probable cause*, the burden of proof is on the defendant, who thereby assumes the affirmative, and the counsel for the defendant has the right to conclude the argument to the jury.

W. R. THOMPSON,            For Appellant Brown,

CITED—

5 *Modern*, 410 ; *Saville vs. Roberts*.

1 *Salk.*, 15 ; 1 *T. R.*, 308.

1 *Camp.*, 202, 206, *note*.

9 *East.*, 361, 363 ; 1 *T. R.*, 520, 543.

4 *Mumford*, 59, 462.

61 *Eng. Com. Law Reports*, 689.

25 *Eng. Com. Law Reports*, 131.

27 *Eng. Com. Law Reports*, 141.

1 *Ben. Mon.*, 359; *Yocum vs. Polly.*

7 *Ben. Mon.*, 371; *Maddox vs. McGinnis.*

4 *J. J. M.*, 630; *Garrard vs. Willett.*

3 *B. M.*, 6; *Farris vs. Starker.*

12 *B. M.*, 574; *Spring vs. Bunn.*

18 *B. M.*, 845; *Kaye vs. Kean.*

2 *Met.*, 464; *Chelf vs. Penn.*

3 *Espinasse Cases*, 7; 4 *Vermont*, 363.

11 *Ad. and El.*, 483, 489; *James vs. Phelps.*

4 *Cushing*, 239; *Bacon vs. Town.*

52 *Penn.*, 637; *Smith vs. Ege.*

48 *Barb.*, 717; *Miller vs. Milligan.*

J. R. UNDERWOOD,                                    For Brown.

H. E. READ and

ENGLISH & HOKE,                          For Appellee Morris,

CITED—

4 *Littell*, 365; *Civil Code*, sec. 369.

2 *Met.*, 558; *Litton vs. Young, &c.*

3 *Marshall*, 455.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action of malicious prosecution for felony, the jury, upon an issue on the plea of probable cause, returned a verdict for $4,000 in damages. The defendant below, appellant here, moved for a new trial on three grounds—1st. That the evidence did not authorize any verdict against him; 2d. That the verdict was grossly excessive; and, 3d. That the circuit court erred in giving to the appellee's counsel the conclusion of the argument to the jury.

The circuit judge announced that he would grant a new trial unless the appellee would accept one thousand

dollars in discharge of the damages assessed, which he on protest elected to do; and, thereupon, the appellant's motion was overruled, and judgment rendered against him for one thousand dollars, from which he appealed, and the appellee took a cross-appeal.

The judgment is certainly anomalous. Courts have often granted new trials on equitable conditions prescribed to the applicant; but we know no precedent for overruling a motion for a new trial on terms required of the party opposing it. In this instance the court itself virtually assessed the damages, and thereby deprived each party of his right to an assessment by a jury. This seems to be error to the prejudice of the appellant, if he was entitled to a new trial, and to the appellee's prejudice if the appellant was not entitled to a new trial. The judgment for one thousand dollars is, therefore, erroneous.

The circuit court also erred in giving to the plaintiff in the action the concluding argument to the jury. The issue of probable cause, or of malice without probable cause, imposed the burden of proof, in the first instance, on the defendant, who thereby assumed the affirmative. (*Garrard vs. Willett*, 4 *J. J. Mar.*, 631.) And such an issue our Code of Practice, confirming the common law, entitles the defendant in the action to the conclusion of the argument.

As for these two errors the judgment must be reversed, and the cause remanded for a new trial, we will not intimate an opinion on the question whether the plea of probable cause, involving both law and fact, which the jury had no exclusive right to decide, was sufficiently sustained.

Judgment reversed, and cause remanded for a new trial, without any judgment for costs in this court.