James M. York, for appellee.

---

CHATTAROI RAILROAD COMPANY *v.* JNO. F. LEFTWITCH'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 7—165.]

**Wilful Neglect.**

Where an employe of a railroad company is killed by the cars of the company, being an employe, his representatives can only recover on the ground of wilful negligence of the company. The company can not be held liable for ordinary negligence.

**Power of Court to Force Remittance of Judgment.**

Where a damage suit is tried and the jury return a verdict for the recovery of money and a motion for a new trial is filed, the judge has no right to assess the damages and to deny to either party their right to have the damages assessed by the jury. The measure or amount of damages, where the proof authorizes a recovery, is within the discretion of the jury not to exceed the amount claimed in the petition. The judge has no right to invade the province of the jury and decide what in his opinion the plaintiff should recover, and it is error for him to announce that unless the plaintiff will remit a part of the recovery he will grant a new trial regardless of whether errors were made at the trial or not.

APPEAL FROM LOUISA CIRCUIT COURT.

May 23, 1885

OPINION BY JUDGE PRYOR:

This action was instituted against the Chattaroi Railroad Company for the killing of one Leftwitch, it being alleged by his administrator that this death was caused by the wilful negligence of the employes of the company.

The intestate lost his life while in the employ of the appellant,

its train of cars coming in collision with a hand car that was carrying the intestate and others, who were laborers, from one point on its road to another. After the testimony various instructions were given by the court, and a verdict was returned for $9,000 in damages. A motion for a new trial was made by appellant, one of the grounds being that the verdict was far too much. With this view the court seemed to concur with counsel for the railroad company and announced from the bench that a new trial would be granted, unless as much as five thousand dollars of the recovery was remitted. This the plaintiff declined to do, except under protest, nevertheless the court had the remission made and a judgment entered for four thousand dollars.

The appellant was insisting that no recovery should have been had while the appellee maintained that the verdict of the jury was not excessive but proper under the testimony. The court with this difference of opinion between the parties undertook to assess the damages and to deny to either party their right to have a jury fix the amount of recovery. The measure or amount of damages in the event the testimony authorized it was certainly within the discretion of the jury, not to exceed the amount claimed in the petition. The judge below had no power to invade the province of the jury in such a case and determine what in his opinion was an equitable acquitment of the rights of the parties. If the appellant was entitled to a new trial it was the duty of the court to set aside the verdict and not to force the party on terms. The question was directly decided by this court in the case of *Brown* v. *Morris,* 3 Bush (Ky.) 81, and the error of the court in assessing the damages necessitates a reversal. If the case must go back for a new trial it is proper to notice the instructions given by the court, as in our opinion they fail to present the law of the case for either the appellant or appellee.

As the intestate was an employe of the company, the recovery it had must be on the ground of wilful negligence. The court below had made gross negligence the basis of recovery and defined it by saying, in instruction No. 1, that the company is responsible if its employes could have avoided the injury by a reasonable degree of prudence in running and managing the locomotive. This makes the company liable for ordinary negligence.

Instruction No. 2 defines wilful negligence to be equivalent to

31

intentional wrong or recklessness evidencing the absence of all care and precaution for the safety of others. This definition is proper, and with an instruction to the effect that if this intestate was run over and killed by appellant's cars, losing his life by reason of the wilful negligence of the company or its employes, the appellee is entitled to have presented the whole law of the case to the jury. Contributory negligence constitutes no defense to the action. If wilful neglect is established the plaintiff is entitled to a verdict. We perceive no objection to the instruction as to the damages to be awarded in the event the jury found for the plaintiff. For the reasons indicated the judgment is reversed and remanded for proceedings consistent with this opinion.

Judgment *reversed.*

*Thos. F. Hargis, for appellant.*

*G. W. Castle, for appellee.*