## C., N. O. & T. P. Railway Co., et al. v. Roberts, By, etc.

(Decided April 20, 1923.)

### Appeal from McCreary Circuit Court.

1. Continuance—Affidavits Held not to Show Diligence in Obtaining Absent Witness or Probability he Could be Obtained.—An affidavit for continuance of the second trial of an action which had been pending for more than six years, on the ground of the absence of a witness who had not testified at the first trial, which stated that subpoena had been issued for him 10 days before the trial, but did not state he was a resident of the county, and only stated the last information affiant had he was understood to be within the jurisdiction of the court, does not show an abuse of discretion in refusing a continuance, since it neither indicates diligence nor probability that the attendance of the witness could be procured at a later date.

2. False Imprisonment—Proof Individual Defendant was Employed by Corporate Defendant Held Unnecessary.—Even though a petition for false imprisonment against a corporation and an indi-

vidual alleged that the individual was in the employment of the corporation, it was not necessary to prove that allegation to entitle plaintiff to recover against both defendants where the evidence showed that the individual, who was a constable in another county, made the arrest without warrant and confined plaintiff in jail upon request of the conductor in charge of a train belonging to the corporation.

3. False Imprisonment—Instruction on Justification Upheld.—In an action for false imprisonment, an instruction to find for defendant if they believed plaintiff drank intoxicating liquors on a passenger train, which was unlawful, was not erroneous for failing to justify the arrest without warrant if plaintiff was drunk or disorderly where there was no evidence to show him guilty of the latter offense.

4. False Imprisonment—Failure of Instruction to Define Offense Held not Misleading.—In an action for false imprisonment, an instruction authorizing recovery on a finding that plaintiff had been wrongfully arrested by defendants without any offense having been committed in their presence was not misleading because it failed to define "any offense having been committed in their presence," where there was evidence to show only one offense which was mentioned in the second instruction.

5. False Imprisonment—$1,000.00 for Imprisonment for One Hour Held not Excessive.—A verdict awarding $1,000.00 as damages for false imprisonment of a young man who never before had been arrested and who was arrested, taken from a train and placed in jail some miles from his home and from the place to which he had paid his fare, and was kept in jail for an hour or more before he succeeded in furnishing bail for his appearance in court next day, at which time he was tried and acquitted, was not excessive.

TYE & SILER and EDWARD COLSTON for appellants.

JOHN W. SAMPSON, ROBERT HARDING, JOHN W. RAWLINGS and H. C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action for false imprisonment, the plaintiff recovered a judgment for $1,000.00 against the defendants, C., N. O. & T. P. Railway Company and Henry Holloway, and they have appealed.

The grounds urged for a reversal are that the court erred (1) in refusing a continuance because of an absent witness, (2) in refusing to direct a verdict for the defendants, (3) in the instructions given, and (4) that the verdict is excessive.

1. The affidavit filed in support of the motion for a continuance states that a subpoena was issued for the

absent witness and placed in the hands of the sheriff of McCreary county for execution more than ten days before the trial of the action, but it does not state the witness was at that time a resident of or within that county. The affidavit only states that "the last information affiant had about the whereabouts of the witness Taylor, he was understood to be within the jurisdiction of this court."

The case had been on the docket for more than six years, there had been one mistrial—Taylor was not a witness on that trial—and in our judgment the court did not abuse a sound discretion in refusing a continuance upon this showing, since it neither indicates diligence nor a probability that the attendance of this witness could be procured at a later date.

2. It is insisted that the court erred in refusing a directed verdict because it is alleged in the petition that the defendant, Henry Holloway, at the time of the arrest complained of, was in the employment of the defendant company, and that there was no testimony to prove this averment. But counsel is in error in assuming that it was necessary for plaintiff to prove this averment in order to recover against the defendants.

The petition further alleged that the defendants unlawfully arrested plaintiff and caused him to be confined in jail, and in support of these allegations the plaintiff by his witnesses proved that Henry Holloway, who was a constable in McCreary county, made the arrest in Pulaski county without a warrant and lodged him in jail upon request of the conductor in charge of the train, and when he had not been guilty of any offense. If this is true, as the jury evidently believed, it was immaterial whether Holloway, as alleged in the petition, was at the time in the employment of the defendant, as unquestionably both he and the railroad company would be liable for the arrest, if so made, regardless of whether Holloway was at the time an employe of the railroad company or not.

We are therefore of the opinion that the court did not err in refusing to direct the verdict for the defendants.

3. It was the contention of the defendants on the trial, and they introduced evidence to show, that the plaintiff, at the time he was arrested, was drinking intoxicating liquor in the passenger coach, which was an offense denounced by section 1342b, Kentucky Statutes, edition of 1915, in 1914 when the arrest was made, and

that he was arrested not by defendants, but by one Sloan, a deputy sheriff in Pulaski county, for a violation of the statute in the latter's presence.

Instruction No. 1 authorized a recovery if the jury believed from the evidence that the plaintiff had been wrongfully arrested by defendants "and without any offense having been committed" in their presence.

Instruction No. 2 told the jury it was unlawful to drink intoxicating liquors on a passenger train, and that if they believed from the evidence plaintiff drank such liquors on the train and was arrested therefor by defendants or Sloan, then they should find for the defendants.

It is not claimed these instructions do not present the theory of each party, but the first instruction is criticised because it does not define "any offense having been committed in their presence," while the objection to the second instruction is that it did not justify the arrest not only if plaintiff was drinking, but also if he was drunk or disorderly, since the statute, *supra,* made each of these acts an offense for which he might have been arrested lawfully without a warrant by the conductor or a peace officer, if committed in their presence. But there was no evidence that defendant committed any of these offenses in the presence of the conductor or either of these officers, except drinking on the train, and there is therefore no merit in the criticism of the second instruction, and the jury could not have failed to understand that "offense" as used in the first one meant drinking liquor on the train, the only offense described in the evidence, and the error, if any, was not in our judgment prejudicial.

4. The plaintiff, a young man 20 years of age who never before had been arrested, was arrested, taken from the train and placed in jail some miles from his home, and to which place he had paid his fare; he was kept in jail an hour or more before he succeeded in furnishing bail for his appearance in court the next day, where he was tried and acquitted.

Under these circumstances, we cannot say that the verdict for $1,000.00 is excessive. See Ross v. Kohler, 163 Ky. 583, 174 S W. 36; Morton v. Sanders, 178 Ky. 836, 200 S. W. 24; I. C. R. Co. v. Wilson, 31 Ky. L. R. 789, 103 S. W. 364; Franks v. Smith, 142 Ky. 232, 134 S. W. 484.

Judgment affirmed.