## Bates v. Commonwealth.

(Decided March 8, 1927.)

## Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Defendant's Guilt Held for Jury in Prosecution for Possessing Liquor.—Evidence held sufficient to take question of defendant's guilt to jury, in prosecution for possessing liquor, where officers found whiskey in upstairs room of defendant's house, in search authorized by search warrant.

2. Criminal Law—Instruction that, if Defendant had Whiskey in His Home, he Possessed it, Held Erroneous as Invading Jury's Province.—In prosecution for possessing liquor, instruction that, if defendant had whiskey in his home, he had it in his possession, held erroneous, since such question was for jury.

3. Intoxicating Liquors—Occupant of House, Permitting Roomer to Have Whiskey Therein, Does Not Possess Such Whiskey as Matter of Law.—Occupant of house, knowingly permitting roomer to have whiskey in such house, is not necessarily in possession of such whiskey as matter of law.

4. Criminal Law—Instruction that Defendant did Not Possess Liquor Brought into House, Without His Knowledge, by Roomer, Held Erroneous as Invading Jury's Province.—In prosecution for possessing liquor, instruction that defendant was not in possession of whiskey brought into his house, without his knowledge, by roomer, held erroneous, since question as to whether he possessed whiskey was for jury.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Officers of the law in Letcher county obtained a search warrant authorizing them to search the premises of the appellant. He resided in a ten-room house, although he occupied only five rooms. Two men roomed in his house. When the officers went to his home and informed him that they had a search warrant, he authorized them to search the premises, and in doing so they found in one of the upstairs rooms a gallon of whiskey in a demijohn, and whiskey in a fruit jar and some in bottles in another room. Appellant testified that he did not know the whiskey was there and that it was not his.

One of the men who roomed with appellant was Dorse Arnett. After appellant had introduced his witnesses his attorney made this statement:

"Now we want to offer the evidence of Mr. Arnett, that he took the whiskey there and that Mr. Bates knew nothing about it."

In response to this statement of the attorney the court said: "You will consider that as though Mr. Arnett had testified to it before you." Evidently the court was addressing the jury. At the conclusion of all the evidence the appellant moved the court to instruct the jury to find him not guilty, which motion was very properly overruled. The court then gave the following instruction as the law of the case.

"If the jury believe from the evidence in this case to the exclusion of a reasonable doubt that the defendant in this county and within twelve months before the finding of this indictment had whiskey in his possession, and if he had it in his house he had it in his possession, or if he knowingly permitted this witness Arnett to have it in his house, he had it in his possession, you will find him guilty and fix his fine in any sum not less than $100.00 nor more than $300.00, and imprisonment in the county jail for not less than thirty days nor more than sixty days.

"If you have a reasonable doubt of the defendant having been proven guilty you will find him not guilty, or if you believe from the evidence that Arnett took the whiskey in the house and the defendant didn't know anything about it, then in that event it would not be in his possession."

This instruction was erroneous. The language, "and if he had it in his house he had it in his possession," should have been omitted from the instruction. That was the question the jury was to determine. The language, "or if he knowingly permitted this witness Arnett to have it in his house, he had it in his possession," should also be omitted. That statement is not true as a matter of law. He might have known that Arnett had the whiskey in his house and yet it may not have been in the possession of appellant. If someone comes into the home of another having whiskey in his possession, although the owner of the home may know he has it, still he might not be guilty of having whiskey in his possession. The

language in the instruction, "or if you believe from the evidence that Arnett took the whiskey in the house and the defendant didn't know anything about it, then in that event it would not be in his possession," should also be omitted from the instruction. The question as to whether appellant had whiskey in his possession is one for the jury and not for the court.

Judgment reversed and cause remanded for proceedings consistent with this opinion.