## Otte v. Otte.

(Decided Feb. 26, 1935.)

(As Modified on Denial of Rehearing June 18, 1935.)

742

JOSEPH M. HAYSE, J. M. HUFFAKER, WM. W. EVANS and EDWARD H. EVANS for appellant.

JACK L. RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

In an action for damages for the alienation of the affection of her husband, a verdict for $25,000 was returned by the jury in favor of Willna Rudy Otte against Evelyn Lee Cook Ansley Otte. The latter filed motion and grounds for a new trial; the former entered a motion to remit the sum of $20,000 awarded her by the verdict of the jury and requested that a judgment be entered only for $5,000. The court overruled the motion and grounds for a new trial, sustained the motion to remit $20,000, and entered a judgment directing a recovery of $5,000, with interest from the date thereof. On this appeal therefrom, a motion to strike the bill of exceptions and the transcript of the evidence has been heretofore sustained. In their absence the pleadings alone are presented for review (Martin v. Richardson, 94 Ky. 183, 21 S. W. 1039, 14 Ky. Law Rep. 847, 19 L. R. A. 692, 42 Am. St. Rep. 353; Oeltjen v. Oeltjen, 251 Ky. 739, 65 S. W. [2d] 1004; Patterson v. Miracle, 253 Ky. 347, 69 S. W. [2d] 708; Crutchfield v. Mansfield, 254 Ky. 499, 71 S. W. [2d] 953), and we are therefore limited to the question whether the pleadings support the judgment. Conceding this, the appellant argues the action is to recover unliquidated damages, and, though it did so on the plaintiff's motion, the court was without power to enter a judgment for an amount less than the sum fixed by the verdict.

It is true we have ruled that, where a defendant against whom a verdict has been returned files motion and grounds for a new trial, if he is entitled thereto, the court cannot refuse it because the plaintiff consents to reduce the recovery to the amount as in his opinion ought to have been assessed by the judge, and thus deprive the defendant of his right to a new trial.

Presenting cases supporting this rule, the appellant

is here insisting also that the court had no power to remit any portion of the amount assessed by the verdict on plaintiff's request, since the recovery was for unliquidated damages, and, if the judgment was excessive, it was the imperative duty of the court to grant her a new trial. In Chesapeake & O. Ry. Co. v. Meyers, 150 Ky. 841, 151 S. W. 19, it is stated that, where the items constituting the damages recovered are separable so that the court may eliminate those not properly recoverable the court may, on plaintiff's motion, remit so much of the damages as represents the items which are not properly recoverable. To the same effect see Johnson's Adm'r v. Johnson, 104 Ky. 714, 47 S. W. 883, 20 Ky. Law Rep. 890; Masterson v. Hagan, 17 B. Mon. 325.

The appellant contends that the power of the court to remit a portion of the recovery may be exercised only in those cases in which the items constituting the damages recovered are separable.

Brown v. Morris, 3 Bush, 81, was an action of malicious prosecution in which the verdict was for $4,000.

Louisville & N. R. Co. v. Earl's Adm'x, 94 Ky. 368, 22 S. W. 607, 15 Ky. Law Rep. 184, was an action to recover damages for gross negligence, and the verdict was for $4,000.

The court in those cases announced that he would grant a new trial unless the recovering plaintiff accepted an amount less than the sum fixed by the verdict in discharge of the damages assessed. The plaintiff declined to consent to the remission; the court overruled the motion for a new trial and rendered a judgment over the protest of the plaintiff for a sum less than that assessed by the jury, from which the defendant appealed and the plaintiff prosecuted a cross-appeal. We held that the action of the court deprived each party of his right to an assessment of damages by a jury, and therefore constituted a prejudicial error as to each of them. It was not ruled that the court was without power with the consent or on the motion of the recovering plaintiff to remit a portion of the sum of the recovery fixed by the verdict of the jury.

In actions to recover unliquidated damages, the prevailing rule is "that when the jury has acted upon the facts, and found a verdict, sustained by the evidence

and the instructions, there may be remission that will cure the error of the court in giving instructions which produced the excess in damages, whenever it can be attributed to the error of the court; and it is upon the party claiming under the verdict to make this showing." City of Dayton v. Gardner, 40 S. W. 779, 780, 19 Ky. Law Rep. 302, 303; Johnson's Adm'r v. Johnson, 104 Ky. 714, 47 S. W. 883, 20 Ky. Law Rep. 890; Dimick v. Schiedt, 293 U. S. 474, 55 S. Ct. 296, 79 L. Ed. ——.

It is common practice for the courts, when in their opinion a verdict for unliquidated damages is excessive, to give the plaintiff the option to avoid a new trial by consenting to the reduction of the verdict to the amount the court deems proper, but the authorities agree that the court is powerless in an action for unliquidated damages to render judgment for less amount than the verdict, unless the party in whose favor it was rendered requests or consents to the reduction, for a reduction without the consent of the recovering party invades the province of the jury. Dimick v. Schiedt, 293 U. S. 474, 55 S. Ct. 296, 79 L. Ed. ——.

Masterson v. Hagan, 17 B. Mon. 325, was an action to recover mesne profits or unliquidated damages. Pending a motion for a new trial on the ground that the court had erred in giving and refusing instructions and that the verdict was for a sum larger than claimed in the petition, and also that it was against the evidence, the plaintiff remitted all of the judgment in excess of a fixed sum. And the motion for a new trial was thereupon overruled. It was contended that the error of the court was cured by remitting all of the damage in excess of that sum. Of this we said:

"To what extent in the damages found by the jury is only a matter of uncertain inference," and "had the court submitted to the jury only the question of damages for physical and mental suffering, then the plaintiff, in order to avoid a new trial, could not have remitted a part of the judgment."

In Merrick v. Holt, 8 Ky. Law Rep. 162, pending the motion for a new trial made by the plaintiffs, the court notified the defendant that a new trial would be granted if he would not consent to remit all of his judgment on his set-off except $5; the judgment being for $250. The defendant accepted the terms and the motion

for a new trial was overruled. In reviewing this action of the trial court, we said:

"If the appellants were not entitled to a new trial on their motion, the order resulting in the remission of $245 was beneficial to them, and they could not complain of an injury inflicted on their adversary. But that the verdict was flagrantly wrong seems to have been promptly admitted by Holt, who voluntarily remitted" the sum "found by the jury except $250, before the motion for a new trial was made; and that this sum was excessive was in effect decided by the court in requiring a remission of all of it except $5 on pain of granting a new trial."

It was declared by this court, quoting from Masterson v. Hagan, supra, that "when a plaintiff, having a verdict for flagrantly excessive damages, produced by erroneous instructions in his favor, undertakes to cure the error by remitting the excess, he is bound to remit so much that the remainder shall not only be no more than upon the law and evidence the jury might justly have found, but shall be certainly no more than the verdict itself proves him to be entitled to by the principles of law applicable to the case."

Continuing we said:

"In such case, in order to escape the effect of the erroneous instruction, it rests on the plaintiff to show affirmatively that what remains of the verdict might properly have been found by the jury under proper instructions; and that, under the principles of law applicable to the case, the verdict actually rendered proves that it would have been for such remainder. The principle seems to be that when the jury has acted deliberately on the facts, and has found a verdict justified by both the evidence and the instructions, there may be a remission that will cure the error of the court in giving the instruction which produced the excess in damages, whenever it can be definitely shown how much of the damages must be attributed to the error of the court; and that it lies on the party claiming under the verdict to make this showing.

"But when the objection is that the jury have not acted on the evidence with deliberation, but have returned a verdict so flagrantly against it as

to indicate that degree of indifference to the right of the parties and the justice of the case as not only confers power on the court to set it aside, but makes it a duty to do so, in order that the person so sinned against may have his case tried by a fair, serious and impartial jury, the court can not refuse a new trial because he who has the verdict remits so much of it as in the opinion of the court ought not to have been found, rather than take the risk of a second trial by men who will not be controlled by passion or prejudice. In such a case the objection to the verdict goes to the conduct of the jury, and imputes an indisposition to treat the objector's case with the calm consideration which the ends of justice demand. The entire verdict is impeached as the product of a spirit that infuses into every part of it the taint of positive wrong or of reckless indifference.''

The rule governing the right of the court to grant a remittitur on the motion of, or with, the consent of the party affected by the remittitur, as it is stated in Masterson v. Hagan and Merrick v. Holt, and adopted in subsequent cases, is the prevailing one in this jurisdiction.

Evelyn Lee Cook Ansley Otte argues that when this rule is applied, she is entitled to a reversal. In the cases cited, supra, and in which the prevailing rule governing the power of the court to entertain the motion to remit and remitting a portion of the amount fixed by the verdict of the jury, the evidence upon which the verdict of the jury was based, was brought here, and the right of the complaining party in those cases was measured by the evidence upon which the jury's finding was predicated. This fact distinguishes her case from the cases cited supra.

In the absence of the evidence, we are without authority to presume that the motion for a remittitur was sustained on any other ground than that recognized in the cases supra, according to which the court was authorized to grant a remittitur.

With nothing before us other than the pleadings, the verdict of the jury, the motion to remit, and the order sustaining the motion, we are not authorized to

infer or assume the trial court committed an error in overruling her motion and grounds for a new trial.

Error of the trial court to authorize a reversal in any case must affirmatively appear in the record.

It does not follow that simply because the court, at the request or with the consent of the recovering plaintiff, directs a remittitur, an error is committed as to the defendant. The plaintiff's right to a verdict being established, the defendant cannot complain because the court, at the request or with the consent of the plaintiff, fixed the damages at a sum less than the amount of the verdict. The plaintiff is the only party who can complain of the remittitur, unless the evidence is brought here showing the contrary, and only then when he has not been given an option of a new trial or the right to elect to take an amount less than fixed by the verdict and refuses to consent to the remission. The recovering plaintiff has not appealed in the present case; and therefore the appellant, in the absence of the evidence, cannot question the ruling of the court in directing a remittitur which was favorable solely to her. Campbell v. Sutliff, 193 Wis. 370, 214 N. W. 374, 53 A. L. R. 771, and annotations.

It is not disputed that the pleadings support the judgment, and the appellant complains of no other error. It is apparent she is without right to complain of such favorable action of the court.

Wherefore the judgment is affirmed.