## York v. Holliday, Sheriff, et al.

October 14, 1949.

·Napier & Napier, C. W. Napier, C. W. Napier, Jr., for appellant.

D. G. Boleyn for appellee.

JUDGE THOMAS—Reversing.

This is an action filed by appellant, A. B. York, in the Perry circuit court on January 23, 1948, against D. B. Napier, deputy sheriff; Green Holliday, sheriff, and the sureties of both to recover $10,000 damages for an alleged false arrest and imprisonment of plaintiff, which was committed on December 20, 1947.

The court sustained a demurrer to the petition, followed by an amended petition, and the court sustained a second demurrer to the petition as amended, and upon plaintiff declining to plead further his action was dismissed, from which he prosecutes this appeal.

The facts as alleged in both the original and amended petition are that at the time of the alleged arrest of plaintiff he and one Charles Deaton were in paintiff's automobile; that Deaton was intoxicated and plaintiff intended to carry him to his (Deaton's) home, but before starting on that trip the deputy sheriff approached the automobile and pulled Deaton out of it when plaintiff said to him, "I have started to take him home," the officer replying, "No, by God, I am taking him in." Plaintiff then said, "Please let me take him home."

It is further alleged that the sheriff placed Deaton back into the car and forced plaintiff at the point of a pistol to go to the nearest Justice of the Peace within the county one Lewis Deaton; that the deputy on the trip to the home of the Justice of the Peace "held his pistol upon plaintiff in a threatening and boisterous manner," and compelled him to make the trip to the home of the Justice, and that plaintiff was so impris-

oned, threatened, abused and put in fear until he was released by the Justice, covering a space of four hours.

At the time of the alleged arrest of plaintiff the applicable statute was sec. 244.020 of the 1946 Edition of KRS, which says: "(2) No person shall be under the influence of alcoholic beverages on any public or private road, in any passenger coach, street car, or other public place or building or at any public gathering."

That statute is substantially the same as the one in effect on May 17, 1929, when the case of Cawood v. Commonwealth, 229 Ky. 522, 17 S. W. 2d 453, was decided by this court. Each of them made it a public offense to be drunk at a public place, as set out in the above excerpt. In the course of the Cawood opinion involving the question as to whether the arrest in that case alleged to be in violation of the then current statute, we called attention to section 394 of the Criminal Code of Practice, which says: "It shall be the duty of all peace officers to arrest any insane or drunken person whom they may find at large, and not in the care of some discreet person, and carry him before some magistrate of the county, city or town in which the arrest is made."

We held that if the alleged offender at the time of the arrest was in charge of a sober, discreet person he would not then be subject to prosecution under the statute, although in an intoxicated condition, unless, of course, he had committed some other offense in the presence of the arresting officer. In this case it does not appear that at the time of the arrest Deaton was drunk at any of the places enumerated in the statute, and it was expressly alleged by paintiff that he had committed no offense, either in the presence or out of the presence of the arresting officer whom he alleged arrested him followed by the consequences as above shown.

The penalty for violating subsection (2) of section 244.020 KRS is fixed in subsection (2) of 244.990 KRS at a fine of "not less than ten nor more than one hundred dollars or imprisoned not less than five nor more than thirty days, or both."

It is a well known rule of practice, requiring no supporting authorities, that a general demurrer to a pleading admits the truth of the statements contained therein.

Following that rule it is quite clear that plaintiff stated a cause of action in his petition as amended, and the court erred in sustaining a demurrer thereto and dismissing it when plaintiff declined to plead further.

Wherefore, the judgment is reversed with directions to set aside the order dismissing the action, and the one sustaining the demurrer, and to overrule the demurrer, and for proceedings consistent with this opinion.