### Sizemore et al. v. Hoskins

January 19, 1951.

S. M. Ward, Judge.

Faulkner & Faulkner for appellants.

Don A. Ward for appellee.

STANLEY, COMMISSIONER—Reversing.

In this suit against a policeman of Hazard, Clarence Sizemore and the surety on his bond for false arrest and imprisonment, there was a verdict for $5,000 in favor of the plaintiff, E. C. Hoskins. While the motion for a new trial was pending, the court accepted the plaintiff's offer of remittitur to $2,500 and judgment was entered against the surety company and the individual defendant jointly for $2,000, the amount of the bond, and $500 additional against Sizemore alone. A reversal is sought upon the grounds of prejudicial error in the instructions and excessive damages.

The plaintiff is a respected citizen of Perry County, 67 years old, a farmer, a member of the fiscal court for eleven years past, and a former deputy sheriff for several terms. He had been a teetotaler for 17 years. At the time of this occurrence, he was assisting the jailer in waiting upon the circuit court. About noon one day in February, 1948, after having waited upon the court, he visited the police judge to intercede for a boy in trouble. From the police courtroom Hoskins and Morris Dickerson, a deputy sheriff, and two other friends, were threading their way across a street under construction when the defendant, Sizemore, grabbed hold of Squire Hoskins, saying he was going to take him to jail because he was drunk. He and his companions insisted with the officer that he was not drunk but was a sick man and protested the arrest. Nevertheless, Sizemore searched him, took him to jail and there relieved him of his watch and billfold and lodged him with the prisoners. Hoskins had insisted that he be taken to the police court as it was the officer's duty to take him there. The

police courtroom was in the same building, and they passed it on the way to the city jail. The plaintiff was kept in jail about an hour before being discharged without having any charges preferred against him. The plaintiff proved that he had not been drinking at all and that he was a sick man, suffering with heart disease, with a very high blood pressure which caused dizziness and smothering spells. This condition made it difficult for him to walk without some staggering. His companion, Dickerson, had hold of his arm, helping him across the street, when the policeman arrested him. The police judge, whose office he had just left, testified that he noticed Squire Hoskins' condition and that he "acted pretty dopey." Somewhat in jest he suggested that he better keep off the street as some policeman might pick him up. And that is what quickly happened. The arrest and experience caused extreme nervousness, greatly increased his already high blood pressure, and humiliated the plaintiff. He at once saw his doctor, who sent him home and told him to stay there.

The defendant, Sizemore, undertook to justify the arrest by the fact that he saw the plaintiff staggering with a man holding his arm and having all the appearance of being drunk. The reason he did not heed the claim and advice that he was not drunk was "I hear that every day." He did not take the prisoner to the police judge, who was in his office at the time, because, as he testified, his prisoner did not ask him to do so. His sole defense in this suit was that he had acted reasonably on appearances.

The plaintiff offered an instruction predicating his right to recovery if the jury should believe that the defendant had arrested him "wrongfully or without having any reasonable grounds to believe the plaintiff had committed an offense" in his presence. But the court prepared his own instruction, which predicated recovery on the jury's belief from the evidence that the arrest and confinement in jail were made "at a time when the said E. C. Hoskins was not drunk or intoxicated." The defendants objected to the instruction and moved the court to modify it "to conform to the instruction offered by the plaintiff." It will be observed that the given instruction authorized a verdict for the defendant only if the plaintiff was in fact drunk in a

public place, thereby depriving the defendant of his only defense, namely, that he had acted reasonably and in good faith. It was the equivalent of directing a verdict for the plaintiff since there was no contention on the trial that he was in fact intoxicated or had been drinking at all.

Drunkenness in a public place is a statutory misdemeanor. KRS 244.020(2). It is true that Section 36 of the Criminal Code of Practice authorizes a police officer to make an arrest without a warrant "when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony." Prima facie this confines the power of arrest to the actual commission of a misdemeanor in the officer's presence without the element of good faith belief on his part. Notwithstanding the omission from the statute, beginning at least 46 years ago, the construction of the statute, and its acceptance by the legislature, has been that there is no liability for false arrest if the officer acted in good faith and upon reasonable grounds to believe that the man arrested was drunk, and, accordingly, that instructions omitting that defense are erroneous. Easton v. Commonwealth, 82 S. W. 996, 26 Ky. Law Rep. 960. The cases are reviewed in Goins v. Hudson, 246 Ky. 517, 55 S. W. 2d 388. In that case a man visiting a friend in jail was kept locked in by the jailer upon the belief that he was drunk, when, as a matter of fact, he was not intoxicated but suffering extreme pain from toothache and had been using a liniment his dentist had given him. We held the instruction was erroneous because it omitted the condition that the jailer had reasonable grounds to believe the plaintiff to have been drunk.

In the face of this consistent and clear construction of the statute, the trial court refused to follow it, notwithstanding the efforts of the lawyers on both sides of the case that he should. The error is manifest. The question arises whether it can be deemed prejudicial to the rights of the defendants. Section 394, Criminal Code of Practice, prescribes the duty of all peace officers to arrest any "drunken person whom they may find at large, and not in the care of some discreet person, and carry him before some magistrate of the county, city or town in which the arrest is made." Even though the plaintiff

had been in fact drunk, he was in the care of a presumably discreet person, namely a deputy sheriff and was not subject to arrest. York v. Holliday, 311 Ky. 206, 223 S. W. 2d 754. The policeman further violated his duty to him and to the people whose servant he was by putting the man in jail instead of taking him before the police judge or some other magistrate. We have recognized that under some circumstances and conditions, even during daylight hours, that would not be practical or possible, but that was not the condition here. We have also recognized that where there is proof of some affirmative act or statement on his part, a prisoner may have waived his right to be taken forthwith before a magistrate. In Satterly v. Thornton, 188 Ky. 553, 222 S. W. 1088, a policeman had arrested the plaintiff on a warrant but had refused to take him before the police judge, though they passed within eight feet of his office on the way to the jail in which he was immediately placed. We held the plaintiff had a good cause of action against the officer and the surety on his bond because of this arbitrary action. See also Gray v. McAtee, 233 Ky. 97, 25 S. W. 2d 65. The issue of liability on this account was also considered in Goins v. Hudson, 246 Ky. 517, 55 S. W. 2d 388. Ordinarily, whether a prisoner has waived his right is a question for the jury. In the present case, however, the only excuse or justification offered by the policeman was that Squire Hoskins did not ask that he be taken before the police judge, who Sizemore admits was in his office, which, as we have said, was in the same building and passed by on the way to the jail. Merely failing to ask that the officer perform his imperative duty under such circumstances is not a waiver of the prisoner's right.

The defendant, Sizemore, had been a policeman for only about six weeks but had served as a military police in the army. His zeal for enforcing the law became, in the first instance, unreasonable and arbitrary action, and in the latter an inexcusable act of police tyranny. The court should have instructed the jury peremptorily to find for plaintiff; hence, the error in the given instruction was not prejudicial.

The verdict for $5,000, all that was prayed for, is so grossly excessive it must be deemed to have been rendered as the result of what we generally call passion

and prejudice of the jury. We cannot conceive this extravagant verdict to have been caused merely by the erroneous instruction. The question is presented whether the court had the power to order the remission of half of it even though it was at the voluntary instance of the plaintiff, it not appearing that the excessive verdict was caused by an error of the court. The power of remittitur under various other circumstances or conditions need not be considered. In Merrick v. Holt, 8 Ky. Law Rep. 162, the question was considered by our former Superior Court with some fullness. In Otte v. Otte, 259 Ky. 741, 83 S. W. 2d 42, 45, we quoted extensively and adopted that court's ruling. It is that where the verdict is so flagrantly excessive as to indicate an indifference to the rights of the parties and the justice of the case, the objection to a remittitur goes to the conduct of the jury. The verdict is tainted and impeached by the disposition of the members of the jury not to treat the case with the calm consideration which the ends of justice demand. Where that is the condition, the court may not order a remission of any part of the verdict because "the person so sinned against" is entitled to "have his case tried by a fair, serious and impartial jury." The court may only grant a new trial. This ruling is in accord with the authorities generally where the damages are not severable because of the absence of a proper criterion, such as where the court has committed an error or the party has received more than he is entitled to under the law. 39 Am. Jur., New Trial, Sec. 214; 66 C. J. S., New Trial, secs. 76d, 209a, 209d.

Therefore, in considering the point that the verdict is flagrantly excessive we regard the amount of $5,000 rather than the judgment for $2,500. Upon this ground, the judgment is reversed.