Wade **HANFORD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7132.

United States Court of Appeals
Fourth Circuit.

Argued March 19, 1956.

Decided April 9, 1956.

Wade Hanford, pro se.

Hugh E. Monteith, Asst. U. S. Atty., Sylva, N. C. (J. M. Baley, Jr., U. S. Atty., Asheville, N. C., and William I. Ward, Jr., Asst. U. S. Atty., Statesville, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in a criminal case in which appellant with two other persons was convicted of conspiracy under 18 U.S.C. § 371 to rob a bank, insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113. The conspiracy was clearly established on the trial and an overt act was shown to have been committed in the Western District of North Carolina. The contention of appellant is that no

crime under federal law was committed because the robbery was not consummated and no property insured by the Federal Deposit Insurance Corporation was actually taken. He contends, also, that counsel appointed by the court to represent him was not competent. There is no merit in either point. The crime of conspiracy is a separate and distinct crime from the crime that is its object. "Its essence is in the agreement or confederation to commit a crime, and that is what is punishable as a conspiracy, if any overt act is taken in pursuit of it. The agreement is punishable whether or not the contemplated crime is consummated." United States v. Bayer, 331 U.S. 532, 542, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654. No basis is shown for the contention that counsel was not competent. Appellant contends that counsel would not argue that the indictment did not charge a crime under federal law and that he did not object to impeaching questions asked appellant when the latter took the stand. It is clear, however, that counsel was correct with respect to both of these matters and that neither furnished any ground for the attack which appellant makes upon him.

Affirmed.