**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Richard SYKES, John Brenton Preston, and Kenneth Ray Strunk,**
**Defendants-Appellants.**

**No. 14670.**

United States Court of Appeals
Sixth Circuit.

July 23, 1962.

Robert D. Leggett, Newport, Ky., John R. Elfers, Covington, Ky., for appellants.

Bernard T. Moynahan, Jr., U. S. Atty., N. Mitchell Meade, Asst. U. S. Atty., Lexington, Ky., for appellee.

Before MILLER, Chief Judge, SIMONS, Senior Circuit Judge, and DARR, Senior District Judge.

SHACKELFORD MILLER, Jr. Chief Judge.

The appellants, John Richard Sykes, John Brenton Preston and Kenneth Ray Strunk, were found guilty by a jury in the District Court of conspiring to rob

the Union Bank of Berry, Berry, Kentucky, a state bank insured by the Federal Deposit Insurance Corporation, in violation of Sections 371 and 2113, Title 18 United States Code. There was no count charging the substantive offense of robbing the bank and, in fact, the bank was not robbed. Each appellant received a sentence of five years imprisonment.

At the trial, the Government introduced evidence showing the following facts.

On or about 3 A.M. on January 20, 1961, police officers of the city of Newport, Kentucky, went to 10th & Monmouth Streets in Newport in response to a call stating that there were three men in an automobile which had been parked there since 10 P.M. They questioned the men, who gave evasive and unsatisfactory answers as to why they were there at that time of night. One said he hadn't worked for six months and the other two said they hadn't been working. They had twenty-five cents in money among the three of them. The officers arrested the men, who are the appellants in this case, placed a charge of vagrancy against them, and impounded the automobile. In searching the automobile the officers found two loaded revolvers in the glove compartment of the car, and an additional charge was placed against the appellants of carrying a concealed and deadly weapon. In a further search of the automobile the officers found in the luggage compartment two ladies stockings with upper half tied in a knot at the end, one with eye holes, a license plate for Mason County, Kentucky, which had been illegally manufactured and which had small hooks attached to it which would permit it to be hung over another license plate, two pillow slips, two pieces of rope, a length of fishing cord, gloves and four caps, two of which had been cut so they could be pulled further down on the head. The case having been adopted by the United States Government, no disposition was made of the two charges in the Newport Police Court.

Appellants moved in the District Court to suppress the evidence concerning the articles found in the car. The District Judge, after hearing the evidence concerning the arrest of the appellants and the search of the car, overruled the motion.

■■ Appellants contend that the motion to suppress evidence should have been sustained in that it was obtained through an illegal search of the automobile without a warrant. Although there was no warrant for the search of the automobile, the Government contends that the search was legal because it was incident to a lawful arrest. Under this well established rule, a search without a warrant is dependent initially upon a lawful arrest. United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436. Accordingly, we direct our inquiry to the question of whether the arrest was lawful. In the absence of an applicable federal statute the law of the state where an arrest without warrant takes place determines its validity. United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210; Miller v. United States, 357 U.S. 301, 305, 78 S.Ct. 1190, 2 L.Ed. 2d 1332.

Appellants contend that since the charges in the state court were not pressed and there has been no judgment of conviction thereunder, it has not been established that the arrest was lawful. On the other hand, the appellants have not been acquitted under the state charges so as to make the rulings in Billings v. Commonwealth, 223 Ky. 381, 3 S.W.2d 770, and in Parrott v. Commonwealth (Ky.), 287 S.W.2d 440, applicable. The Kentucky Court of Appeals held in those cases that an acquittal in the state court on the state charge made the evidence produced by a search without a warrant following the arrest inadmissible in another case being prosecuted on a different charge based on what was found in the search.

■■■ In the absence of an acquittal under the original state charge the question of the validity of the arrest is an

open one for the federal court to decide upon the basis of the evidence presented. Under the circumstances, we think that the ruling of the Kentucky Court of Appeals in Davis v. Commonwealth, 280 S.W.2d 714, is applicable wherein it was held that the legality of an arrest is controlled by Section 36, Kentucky Code of Criminal Practice. Section 36 provides that a peace officer may arrest without a warrant when a public offense is committed in his presence. This has been construed by the Kentucky Court of Appeals to authorize an arrest if the officer acted in good faith and upon reasonable grounds to believe that a public offense was being committed in his presence. Sizemore v. Hoskins, 314 Ky. 436, 235 S.W.2d 1011. The material facts leading up to the arrest were not in dispute. They were summarized by the District Judge in overruling the motion to suppress the evidence, as follows:

"THE COURT: The Court is of the opinion that the officers in making this search, acting under instructions from their superior, on the basis of the circumstances surrounding these defendants and their location at that time, 3 o'clock in the morning, in a downtown section, where business houses were located, near a night club, had been there some four or five hours on the street, with these three men loafing about it, without any apparent reason; then when questioned, gave illogical or rather vague and irresponsible and suspicious reasons for why they were there present, and the officers received a call alerting them to these suspicious circumstances—I think they were justified in making an arrest for vagrancy and they searched the car as a result of the arrest. Let the motion be overruled."

Under these facts we are of the opinion that the District Judge was not in error in ruling that the arrest was valid and that the search was properly made as an incident of the arrest. Probable cause justifying an arrest or search may exist even though the facts may not be such as to prove guilt beyond a reasonable doubt. United States v. Nicholson, 303 F.2d 330, C.A.6th, 1962.

In addition to the article found in the automobile, a bartender at the Depot Cafe testified that the three appellants would occasionally be together in the cafe and on one occasion told him while he was serving them drinks at a table that "they had a big job planned." Strunk testified that shortly before the arrest he and Preston were in the back room of the Depot Cafe and Sykes came back there and said, "I have the opportunity to make $5,000." Preston testified substantially the same, and added that Sykes wanted their opinion as to whether or not he should go through with it, whereupon Strunk said, "Well, if you are going to make $5,000, you must be going to rob a bank," to which Sykes replied, "Well, how did you know?". Sykes testified that he had been approached by some men to drive a car for them on a bank robbery and that he went to Strunk and Preston and had the conversation above referred to. The appellants claim that they emphatically rejected the suggestion, but the credibility of this part of their testimony was for the jury.

There was also testimony from a resident of the town of Berry, a very small town in Kentucky, that he saw Sykes and a man who resembled Preston on two different occasions on the same day, shortly before their arrest, driving slowly through the town of Berry, looking from side to side and observing things. In a statement made to an agent of the F.B.I. Sykes said that he had intended to rob the bank at Berry, Kentucky, and described to the agent the getaway route he planned to use, and that, in running the get-away route shortly before the arrest, he had stopped at a country store and had a person with him buy two of the caps that were later found in the car. The storekeeper testified that Strunk purchased two caps at his store on January 18th or 19th, 1961. An F.B.I. agent testified that Strunk stated to him that he was driving the automobile at the time he stopped at the country

store and bought two caps. Preston made a statement to the F.B.I. agent showing how he had procured the automobile through misrepresentations made to the Sixth Street Auto Fill Sales in Newport.

 We are of the opinion that with the articles found in the automobile being properly received in evidence, and considering the circumstances under which the appellants were arrested and the testimony hereinabove briefly reviewed, there is no merit in appellants' contention that the District Judge erred in not sustaining their motion for a judgment of acquittal. In considering a motion for judgment of acquittal, the District Judge must take that view of the evidence most favorable to the government, with inferences reasonably and justifiably to be drawn therefrom. If under such a view of the evidence, reasonable minds might differ about the guilt or innocence of a defendant, the motion should be overruled and the issue left to the jury. United States v. Leggett and Eleveld, 292 F.2d 423, 426, C.A. 6th, cert. denied, 368 U.S. 914, 82 S.Ct. 194, 7 L.Ed.2d 131.

 Appellants contend that no offense was committed because the bank was not robbed. However, it is well settled that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. Callanan v. United States, 364 U.S. 587, 593, 81 S.Ct. 321, 5 L.Ed.2d 312. It logically follows that a conspiracy to commit a crime may be punished even though the crime be not committed. Goldman v. United States, 245 U.S. 474, 477, 38 S.Ct. 166, 62 L.Ed. 410; United States v. Bayer, 331 U.S. 532, 542, 67 S.Ct. 1394, 91 L.Ed. 1654; Frankfeld v. United States, 198 F.2d 679, 684, C.A. 4th, cert. denied, 344 U.S. 922, 73 S.Ct. 389, 97 L.Ed. 710, rehearing denied, 345 U.S. 913, 73 S.Ct. 652, 97 L.Ed. 1348; Hanford v. United States, 231 F.2d 661, C.A. 4th; Shibley v. United States, 237 F.2d 327, 334–335, C.A. 9th, cert. denied, 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 77, re-

hearing denied, 352 U.S. 919, 77 S.Ct. 212, 1 L.Ed.2d 124.

 Appellants contend that the District Judge erred in permitting government witnesses to testify about statements made to them by the appellant Sykes after the termination of the conspiracy and in the absence of the other appellants. Such statements were admissible only against the person making them. Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829; Mora v. United States, 190 F.2d 749, C.A. 5th. However, it is well settled that in multidefendant criminal trials, evidence of an incriminating statement or of a confession by one of the defendants is properly admitted if the trial judge makes it unmistakably clear to the jury that such statement or confession is only to be considered against the person making it and should be completely disregarded with respect to any other defendant. Ward v. United States, 288 F.2d 820, 823, C.A. 4th; Maupin v. United States, 225 F.2d 680, C.A. 10th; United States v. Harris, 211 F.2d 656, C.A. 7th; United States v. Leviton, 193 F.2d 848, 856, C.A. 2nd. In our opinion, this requirement was complied with by the District Judge.

 In the cross-examination of appellant Sykes he was asked if he had been convicted of a felony. He replied that he had not. The District Attorney then asked him if he had not been convicted in 1956 in Cincinnati, Ohio, of carrying a concealed deadly weapon, to which he answered yes. Defense counsel then moved for mistrial, making the point that carrying a concealed deadly weapon was not a felony under Ohio law until a decision of a Court of Appeals of Ohio in 1960, and that it was prejudicial error to bring to the attention of the jury a prior conviction of a misdemeanor on the part of a defendant. Henderson v. United States, 202 F.2d 400, 405–406, C.A. 6th. The District Judge discussed the question with defense counsel and concluded that he did not know whether Sykes had been convicted of a felony or not and would admonish the jury not to consider the

statement. He thereupon carefully instructed the jury that it was not determined whether the offense referred to was or was not a felony under Ohio law, and that the jury should accept Sykes' statement that he had not been convicted of a felony and not to consider the question of the District Attorney, and that the question was entirely without its consideration. We do not consider the question prejudicial under the circumstances. United States v. On Lee, 193 F.2d 306, 310, C.A. 2nd, affirmed, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270, rehearing denied, 344 U.S. 848, 73 S.Ct. 5, 97 L.Ed. 659; Dolan v. United States, 218 F.2d 454, 459–460, C.A. 8th, cert. denied, 349 U.S. 923, 75 S.Ct. 665, 99 L.Ed. 1255.

The judgments are affirmed.

DARR, District Judge (concurring).

I concur in the opinion of Judge MILLER. However, I believe that an arrest for vagrancy does not warrant a search extending beyond the person of the vagrant. There would be no reason to search a house or an automobile as an incident to such arrest. An able-bodied person, who is loitering without visible means of support, may be arrested by police officers for vagrancy, his person searched to insure safe custody, but nothing connected with the offense could be found by an extended search.

My judgment is that the offense of vagrancy falls into the same category as minor traffic violations. The rule on incidental search of automobiles in connection with the arrest for minor traffic violations is,

"Where an accused is arrested for a minor traffic violation committed in the presence of an officer, there is no reason for the arresting officer to explore the glove compartment or search the trunk of the car, absent additional cause, and such search is considered unreasonable and any evidence procured thereby, rendered inadmissible." Varon, Searches, Seizures and Immunities (1961), Vol. 1, pages 107, 108.

But I believe the search of the car in this case was warranted in that the circumstances, as recited in Judge MILLER'S opinion, set up probable cause to justify the action of the police officers. One of the purposes for making vagrancy an offense is to prevent crime, as it is considered that criminal action will flow from the mode of life of a vagrant. Therefore, the search by the police officers was reasonable to ascertain whether the automobile carried illegal instrumentalities which might be used in the commission of a crime.