Joseph B. **BRONZIN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17015.

United States Court of Appeals
Eighth Circuit.

Nov. 2, 1962.

Samuel L. Kaplan (of Maslon, Kaplan, Edelman, Joseph & Borman), Minneapolis, Minn., for appellant.

Miles W. Lord, U. S. Atty., and Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before SANBORN and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis by Joseph B. Bronzin from a judgment and sentence of four years' imprisonment, based upon the verdict of a jury finding him guilty, after a nine-day trial, upon eleven counts of a twelve-count indictment charging violations of the Mail Fraud statute, 18 U.S.C. § 1341. That statute proscribes the use of the mails in execution of a scheme to defraud.

Mr. Samuel L. Kaplan, of the Minneapolis bar, was named by the District

Court to represent Bronzin on his trial. After his conviction, the District Court permitted Bronzin to file a notice of appeal without payment of Clerk's fees; directed that the Government at its expense furnish him a transcript of the proceedings at the trial; and appointed Mr. Kaplan to represent him on appeal.

The record consists of the original papers from the District Court and a complete transcript of the proceedings and evidence at the trial. The case has been thoroughly briefed by counsel. We are indebted to Mr. Kaplan for his able representation of Bronzin both in the trial court and in this Court.

It is asserted on behalf of Bronzin that the trial court erred in denying his motion for a directed verdict of acquittal made at the close of the Government's case and renewed at the close of the entire evidence. This because an adequate evidentiary basis for the jury's verdict is said to be lacking in that the evidence did not exclude every reasonable hypothesis except that of guilt. See Van Gorder v. United States, 8 Cir., 21 F.2d 939, 942.

█ If Bronzin was properly convicted under any one of the eleven counts as to which the jury found him guilty, his sentence must be affirmed, since it is less than the maximum which could have been imposed upon a single count. Barenblatt v. United States, 360 U.S. 109, 115, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Gantz v. United States, 8 Cir., 127 F.2d 498, 501; Bowen v. United States, 8 Cir., 153 F.2d 747, 748–749; Isaacs v. United States, 8 Cir., 301 F.2d 706, 733.

Stated generally and briefly, what Bronzin did, which brought him into conflict with the law, was sending by mail to advertising patrons of the American Jewish World, a long-established Jewish paper (in which Bronzin had no interest) published in Minneapolis, Minnesota, bills for advertising which had neither been furnished by Bronzin nor contracted for by the recipients of the bills. The bills were ostensibly for advertising in Jewish papers or publications of Bronzin variously called Minneapolis Jewish Herald, or Minneapolis-St. Paul Jewish Herald, or Duluth Jewish Herald, or Duluth-Superior Jewish Herald, or Milwaukee Jewish Herald, or Religious Zionist World, publications which the evidence indicates had no subscribers, no adequate means for distribution, and a rather tenuous hold on existence. The claim of the Government was, in effect, that Bronzin deliberately devised this plan or scheme to mislead advertising patrons of the American Jewish World into believing that the bills which they received from him, purportedly for advertising in one of his Jewish publications, were for advertising authorized by them to be inserted in the American Jewish World. Bronzin received checks in payment of bills sent to patrons of the World for advertising which the Government's evidence showed had neither been contracted for nor furnished.

It was Bronzin's testimony at the trial that his mailing of bills to advertising patrons of the American Jewish World was without any intention to defraud and was done in good faith and honestly in connection with the soliciting of patronage advertising in his publications; and that the bills were sent only to those advertisers who had—or who he believed had—by telephone or otherwise agreed to authorize the advertising for which they were billed.

█ There can be no doubt that a scheme which contemplates the sending of bills through the mails to persons not indebted to the sender, and for the purpose of inducing them to part with money they do not owe, is a fraudulent scheme. In principle this case does not differ materially from the case of Lesselyoung v. United States, 8 Cir., 18 F.2d 472, which involved a scheme by the operator of a collection agency to bill debtors, from whom he was trying to collect accounts, for collection charges which they did not owe, which he had no right to demand, and which many of them were misled into paying. Another mail fraud case involving the collection of a pretended claim is Weeber v. United States,

C.C., D.Colorado, 62 F. 740 (1894), opinion by Mr. Justice Brewer, concurred in by Circuit Judges Caldwell and Walter H. Sanborn.

The question of Bronzin's intent in mailing the bills to patrons of the American Jewish World was a question for the jury. See Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 743, 69 S.Ct. 1210, 93 L.Ed. 1659.

In disposing of this appeal it would be enough to say, as did the Supreme Court in Pierce v. United States, 252 U.S. 239, 251–252, 40 S.Ct. 205, 210, 64 L.Ed. 542:

> "There being substantial evidence in support of the charges, the court would have erred if it had peremptorily directed an acquittal upon any of the counts. The question whether the effect of the evidence was such as to overcome any reasonable doubt of guilt was for the jury, not the court, to decide."

In considering the sufficiency of the evidence to sustain the verdict of the jury, this Court must take that view of the evidence which is most favorable to the Government and accord to the Government the benefit of all inferences which reasonably may be drawn from the evidence, viewed in that aspect. Affronti v. United States, 8 Cir., 145 F.2d 3, 5 and cases cited; Myres v. United States, 8 Cir., 174 F.2d 329, 332; Blauner v. United States, 8 Cir., 293 F.2d 723, 725.

As this Court said in Phelps v. United States, 8 Cir., 160 F.2d 858, 868:

> " * * * It is not for us, on an appeal from a conviction, to weigh the conflicting facts, circumstances and inferences of the trial proceedings, but only to consider whether the evidence in its most favorable aspect to the Government is legally capable of allowing a jury to become persuaded of guilt. Miller v. United States, 8 Cir., 138 F.2d 258, 259; Braatelien v. United States, 8 Cir., 147 F.2d 888, 893."

Under the evidence in this case the question of the guilt or innocence of Bronzin was clearly a question of fact for the jury, and not a question of law for the court. Isaacs v. United States, 8 Cir., supra, page 727 of 301 F.2d; United States v. Sykes, 6 Cir., 305 F.2d 172, 176. Cf. Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150 with Van Gorder v. United States, 8 Cir., supra, page 942 of 21 F.2d.

The judgment appealed from is affirmed.